LABORDE, Judge.
Harold Richard, plaintiff-in-rule, appeals from a judgment of the District Court rejecting his demand for custody of his minor child, Linda Christine, and awarding his former wife child support in the sum of $500 per month.
On April 12, 1976 a judgment of divorce was rendered terminating the marriage of Harold Richard and Shirley Richard. Custody of the eight minor children of the marriage was awarded to Shirley Richard. Harold Richard was ordered to pay the sum of $684.27 as child support.
On April 27th, 1979, appellant filed a motion directing his former wife to show cause why custody of the minor children should not be granted to him. In the alternative, plaintiff-in-rule requested custody of the four youngest children and a reduction in child support.
Defendant-in-rule, Shirley Richard, answered the rule and filed a reconventional demand requesting an increase in child support. The demand also requested that past due child support in the sum of $1,613.91 be made executory.
Following a trial, judgment was rendered in which custody of Mary Katherine Richard was granted to appellant. The judgment also made executory the sum of $368.54 as past due child support. Child support was reduced to $500 per month.
Harold Richard brings this appeal from the judgment rendered below. Appellant makes two assignments of error. He contends that the trial judge erred:
1) in failing to award him custody of Linda Christine Richard, and
2) in failing to provide that the $500 per month of child support included appellant’s monthly payment of $184.27 on the family home’s mortgage.
Defendant has not appealed nor answered the appeal and therefore, the judgment transferring custody of Mary Katherine Richard to appellant will remain undisturbed.
CUSTODY
Civil Code Art. 157, as amended, provides, in pertinent part,
“In all cases of changes of custody after an original award, permanent custody of the child . . . shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent.”
Appellant contends that the trial judge erred in failing to award him custody of the child because she had been living with appellant for 11 months prior to the custody trial. Although previous custody is a factor, it is not the controlling factor in determining which parent should be granted custody of a child.
In Bordelon v. Bordelon, 381 So.2d 871, 875 (La.App. 3rd Cir. 1980), we stated:
“even though there is no longer a rigid and inflexible double burden, prior custody is still a factor to be considered. Maintaining stability of environment . continues to be a factor in determining the best interests of the child.”
*143 In the present case, the fact that Linda Christine (age 10 at trial) lived 11 months with appellant prior to trial is only one factor in determining the best interest of the child.
Appellant contends that granting custody to Mrs. Richard is detrimental to Linda Chirstine’s welfare. Appellant points to past incidents of marijuana use in his ex-wife’s home as an improper influence on the child. Testimony of appellant’s older children, David (17 at trial), Pam (16 at trial), and Mary Katherine (14 at trial) establishes that marijuana was used at Mrs. Richard’s residence. Mary Katherine testified that in the year preceding the trial, on several occasions after Mrs. Richard left for work, friends of the older children would visit. During these visits, marijuana was smoked. Mrs. Richard’s brother, Keith Gui-droz, lived at the residence and supplied marijuana to the older children on occasion.
Although the presence of marijuana use was an improper influence on the young children, the record reveals that Mrs. Richard took immediate steps to correct the problem when she discovered marijuana in her home. She immediately contacted appellant and informed him of the problem. She required her brother to move out of her residence. At the time of the trial, a friend, Mrs. Patin, had moved in with Mrs. Richard. Mrs. Patin testified that she supervised the children when Mrs. Richard worked at night.
An examination of the record reveals that both parents are concerned, devoted, and loving parents. Mrs. Richard is employed and capable of providing a good home for her children. Mr. Richard has remarried and is also capable of providing a good home for Linda Christine. His wife testified that she has great affection for his children. The trial judge obviously concluded that granting custody of Linda Christine to Mrs. Richard was in the best interest of the child. The trial judge’s decision is entitled to great weight. An examination of the record reveals no clear error in the trial judge’s decision.
CHILD SUPPORT
In the judgment of divorce defendant was ordered to pay . the sum of $684.27 as child support. Following rendition of this judgment the parties admittedly considered and treated the child support payment of $684.27 as including defendant’s monthly obligation of $184.27 on the family home mortgage. This is made clear in a property settlement agreement which antedated the judgment of divorce and which specified as follows:
“It is understood and agreed that appear-er, Harold Edgar Richard, will continue to pay the said mortgage note on the family home described as (a) above herein conveyed to Shirley Guidroz in addition to the $500.00 child support which he has been ordered to pay by the Court . ."
(Emphasis supplied)
Accordingly, appellant contends that the trial judge erred in failing to state in the judgment that the child support award, reduced to the sum of $500.00 monthly, includes the sum of $184.27, the amount of the monthly payment on the family home mortgage. Appellant argues that if this alleged omission is allowed to stand his obligation for child support has not been reduced because he will still be required to make the monthly mortgage payment and this payment coupled with his monthly child support obligation amounts to the sum of $684.27.
We agree that if the judgment of the trial court remains undisturbed this result will follow. However, our examination of the record reveals that this is the result which the trial judge clearly intended for in an application for new trial appellant made these same arguments to the trial judge, all to no avail.
It must be noted that appellant’s obligation to pay $184.27 to the Lafayette Building Association arose from the terms of his mortgage contract with that association executed many years before. Appellant further agreed to make these monthly payments when he entered into the community *144 property settlement agreement with appel-lee on February 16, 1976. The obligation under these agreements is separate and apart from appellant’s obligation for monthly support payments.
The above being considered, our sole remaining inquiry must be whether the trial judge abused his much discretion in fixing the monthly child support award at $500.00. We have carefully reviewed the entire record. In view of the evidence, the increased needs of the growing children, the father’s ability to pay, and the current cost of living, we cannot hold that the trial court abused its much discretion in fixing the support payments at $500.00 per month. It is our opinion that the judgment of the trial court is clearly correct.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to plaintiff-appellant.
AFFIRMED